Mr. Justice Aldrey and Mr. Justice Texidor concur in the result.

DR. SERGIO S. PEÑA, Petitioner, *v.* MUNICIPAL COURT OF HUMACAO, Respondent.

No. 779. Argued July 9, 1931.—Decided July 28, 1931.

*Fernando Gallardo Díaz* and *F. Cervoni Gely* for petitioner. *R. A. Gómez* for respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On the night of June 18, after ten o'clock, a district judge reported to a district chief of police certain threats attributed to Dr. Sergio S. Peña. At or about midnight, the district chief arrested the Doctor without a warrant. Meanwhile, the district judge had made a complaint before a municipal judge who examined him under oath, reduced his statement to writing, and issued a warrant of arrest. This warrant fixed the amount of bail and, together with a bail bond, was returned by the district chief as having been already executed.

At the commencement of a hearing on the following day, the municipal judge informed Dr. Peña that the district judge had filed a written complaint charging him with an attempt against the person of the district judge; that the district judge had been examined under oath, and that his statements had been taken in writing and subscribed by him. The municipal judge gave the Doctor a copy of the complaint and of the affidavit and told him that, in accordance with section 66 of the Penal Code, a warrant of arrest had been issued the night before, directing that the doctor be brought before the municipal judge in order to inform him of the charge brought against him. "Now you have an opportunity," said

the municipal judge, "to admit or deny said charge and introduce such witnesses as you may deem advisable, whose testimony must be taken in writing and subscribed by them."

Counsel stated that up to that moment the Doctor had been ignorant of the reason why he had been brought before the judge and of the charge against which he was to defend himself; that he had not been informed of the nature of the accusation brought against him, nor had he received a copy thereof, nor had he been confronted with the witnesses against him. Counsel requested twenty-four hours within which to find and introduce witnesses, and an opportunity to be confronted with the prosecuting witness. This request was denied on the ground that the proceeding was summary and that the law made no provision for delay. The municipal judge also stated that the Doctor had been notified the night before that he must appear at two o'clock on the afternoon of the following day to answer the charge against him and to produce witnesses. The municipal judge did not reveal the source of his information, if any, and all the circumstances in the case point to the conclusion that he was not speaking from personal knowledge.

The attorney for the Doctor again stated that when the Doctor was arrested at twelve o'clock on the previous night bail in the sum of $500 was demanded of him, and that he had no knowledge of the nature and contents of the charge against him; that, up to the very moment of the delivery by the municipal judge of a copy of the complaint and of the affidavit, the Doctor had no information concerning the acts imputed to him so as to prepare his defense and to find witnesses for that purpose. To this the judge made no reply, and counsel took an exception to the ruling of the judge denying the motion for a continuance of the hearing.

A motion to dismiss having been denied and a demurrer for want of jurisdiction having been overruled, the Doctor pleaded not guilty to the complaint and again asked to be

confronted with the witnesses against him. This motion was also denied and an exception was taken.

Counsel for the Doctor then stated that although he considered as illegal the private hearing held behind closed doors, and although no evidence had been introduced to support the charge, he would produce evidence and requested five minutes to find witnesses. This request was granted.

Counsel then moved that the hearing be public. The court denied this motion, and an exception was taken.

Section 21 of the Code of Criminal Procedure requires that—

"All proceedings before a justice of the peace shall be public."

It may be conceded that proceedings for security to keep the peace are civil. However, in view of their peculiar nature and of the possible consequences involved, the accused is entitled, on timely request, we think, to an opportunity for cross-examination of the witnesses against him and on like request to a public trial.

In 9 C. J. 394, section 27, the case of *Ex parte Solares,* 4 P.R.R. 82, is cited as authority for the statement that "in some jurisdictions the accused is entitled to be heard and to produce evidence in his own behalf."

In the instant case the Doctor was released on furnishing bail in the sum of $500, the amount specified in the warrant. After the hearing, he furnished another bond in the sum of $800 which had been required of him as security to keep the peace.

As set forth in 9 C. J. 395, section 35:

"At common law the parties to the recognizance bound themselves to the king, in a specified sum, to appear on a certain day and in the meantime to keep the peace, either generally toward the latter and his liege people or particularly with regard to the person demanding the security."

We see no reason why the accused should not have a reasonable opportunity to find witnesses and prepare his

defense, subject to proper conditions, which would include an undertaking not to disturb the peace in the meanwhile, if he is not to remain in custody.

The order to compel security to keep the peace based on the proceedings had on June 19 must be reversed and the case will be remanded for further proceedings not inconsistent herewith.